UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND POWELL,

        Plaintiff,

vs.

        Case No. 11-CV-11280

        HON. GEORGE CARAM STEEH

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DOC. 33]

        Plaintiff Cleveland Powell filed this action seeking to recover benefits under his automobile insurance policy with defendant State Farm Mutual Automobile Insurance Company. Defendant filed a motion to dismiss or for summary judgment which is presently before the court.

FACTUAL BACKGROUND

        On December 29, 2009, plaintiff was returning to Michigan from Florida following a family vacation. Plaintiff was driving a 2007 M35X Infinity with his wife and two daughters as passengers. While driving northbound on I-75 near Chattanooga, Tennessee at around 10:00 p.m., plaintiff ran over an object in the road. As a result, plaintiff's arm struck the side door panel and his chest thrust into the steering wheel. Plaintiff immediately called the local police to report the accident. Plaintiff declined medical treatment at the time of the accident. There were no injuries to the three passengers.

Originally plaintiff believed that the object he ran over was a bumper from another vehicle.  Plaintiff now agrees with the police report that the object was a 4x4 piece of wood.  The operator at the Chattanooga 911 call center confirmed receiving calls from several other drivers that night who hit a piece of wood on the same stretch of road, in separate incidents.  A police investigation ensued, but was not able to identify a vehicle from which the 4x4 piece of wood might have fallen.

On March 16, 2011, plaintiff filed a complaint in the Oakland County Circuit Court, seeking personal injury protection ("PIP") benefits.  Defendant removed the case to this court on the basis of diversity jurisdiction.  Plaintiff amended his complaint on June 9, 2011, after the court ordered him to plead with more particularity.  Plaintiff's first amended complaint seeks no-fault PIP benefits, uninsured motorist ("UM") benefits, and alleges racial discrimination.  By stipulation dated August 30, 2011, the parties agreed that plaintiff could voluntarily dismiss without prejudice his racial discrimination claim.  Now, in his response to defendant's dispositive motion, plaintiff states that he is no longer pursuing his claim for no-fault PIP attendant care benefits.  The only issue remaining from plaintiff's first amended complaint is his claim for uninsured motorist benefits.

Defendant issued Policy No. 563-6634-F23-22N, under which plaintiff seeks to recover.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986); see also Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also National Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968);

see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. Anderson, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. McLean, 224 F.3d at 800 (citing Anderson, 477 U.S. at 252).

## ANALYSIS

"[U]ninsured motorist ['UM'] . . . coverage is not required by Michigan law, [therefore] the terms of coverage are controlled by the language of the contract itself, not by statute." Dawson v. Farm Bureau, 293 Mich. App. 563, 568 (2011). Because such insurance is not mandated by statute, the scope, coverage, and limitations of underinsurance protection are governed by the insurance contract and the law pertaining to contracts generally. DeFrain v. State Farm, __ Mich. __, 2012 WL 1948768 (May 30, 2012). Just one day before the hearing in this case, the Michigan Supreme Court reaffirmed its holding in Rory v. Continental Insurance Co., 473 Mich. 457 (2005), that courts generally may not look beyond the unambiguous contract language to interpret the contracting parties' intent:

> [a]n unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy. A mere judicial assessment of "reasonableness" is an invalid basis upon which to refuse to enforce contractual provisions. Only recognized traditional contract defenses may be used to avoid the enforcement of the contract provision.

DeFrain, supra (quoting Rory, 473 Mich. at 470). Key to the court's rationale was protecting the parties' right to freedom of contract.

The policy at issue provides for UM coverage only when the insured is involved in a motor vehicle accident with an "uninsured motor vehicle":

4

**Insuring Agreement**

>   **We** will pay compensatory damages for **bodily injury** as insured is legally entitled to collect from the owner or driver of an **uninsured motor vehicle**. The bodily injury must be:
>
>   1.  sustained by an **insured**, and
>
>   2.  caused by an accident that involves the operation, maintenance, or use of an **uninsured motor vehicle** as a motor vehicle.

(Policy, p. 17, emphasis in original). There is no dispute that plaintiff's injury was caused when he ran over a piece of wood in the roadway. In order to collect under the policy, plaintiff must show a connection between the piece of wood and an uninsured motor vehicle, such that plaintiff's injury was caused by the "operation, maintenance, or use of an uninsured motor vehicle as a motor vehicle."

The policy defines "uninsured motor vehicle" to include a hit-and-run situation:

>   2.  a "hit and run" land motor vehicle or motorcycle the owner and driver of which remains unknown and which strikes:
>
>       a.  the **insured**; or
>
>       b.  the vehicle the **insured** is **occupying** and causes **bodily injury** to the insured.

(Policy p. 16, emphasis in original). Plaintiff contends that because neither he nor the Chattanooga Police Department have been able to identify the driver of the vehicle that lost its load and caused plaintiff's accident, this situation meets the first prong of the policy's definition of an "uninsured motor vehicle," that the driver/owner remains unknown.

The hit and run clause in this UM policy also requires that a motor vehicle *strike* the insured, or a vehicle occupied by the insured. Defendant contends that where

5

plaintiff ran over a piece of wood, there is no hit and run motor vehicle *striking* the plaintiff or his motor vehicle. The court must look to the terms of the contract and give the undefined terms their commonly understood meaning. Twichel v. MIC General Ins. Corp., 469 Mich. 524, 535 n.6 (2004). The dictionary definition of the term "strike" is to "collide with somebody or something: to crash into, knock hard against, or collide with somebody or something." (www.bing.com/Dictionary).

In response, plaintiff cites to a number of Michigan Court of Appeals cases deciding that even when there is not physical contact with an actual vehicle, a plaintiff may still be entitled to recover benefits under the "hit and run" provision in a UM policy. It is important to note that these cases pre-date the Michigan Supreme Court's decisions in Rory and DeFrain, which make clear that the terms of an uninsured motorist contract must be enforced as written unless doing so would violate the law or public policy or a traditional defense to the provision's enforcement.

In 1978 the Michigan Court of Appeals decided a case where the plaintiff struck a truck tire which was in the roadway. The court concluded that the detached tire had an obvious relationship to a motor vehicle for purposes of meeting the definition of a hit and run uninsured motor vehicle. Given that the tire was mounted on a rim, that the tire was spinning, and that "the accident occurred on a limited access highway which was completely fenced on both sides and where pedestrians or nonmotorized vehicles are rarely found," the court concluded that it was not clear error for the trial court to conclude that the tire had recently fallen from a passing vehicle. Kersten v. D.A.I.I.E., 82 Mich. App. 459, 467-68 (1978). In another case involving an accident caused by a tire in the roadway, the court stated that it was not important whether the object was

"still attached or comes to rest after being detached from the vehicle . .. ."  Adams v. Zajac, 110 Mich. App. 522, 528 (1981).  In that case, a witness who was driving in front of the plaintiff's decedent stated that he saw the tire in the highway, and that he noticed a semi-truck parked across from the tire's location on the shoulder of the road.  Id. at 525-26.  The court concluded that "inferential evidence rather than objective evidence is enough to establish a link between a disappearing vehicle and a plaintiff's vehicle."  Id. at 529.

In 1987 the court of appeals addressed a case wherein the plaintiff's decedent was driving on a highway when a truck passed him and a rock came through the insured's window.  A passenger in the car claimed the truck caused the rock to fly up and hit the window.  The court held that an object propelled by the unidentified vehicle into the insured's vehicle is sufficient to satisfy the "physical contact" requirement in the UM policy as long as there is "a substantial physical nexus between the disappearing vehicle and the object cast off or struck."  Hill v. Citizens Ins. Co. of America, 157 Mich. App. 383, 394 (1987).  The court noted that the physical nexus requirement is designed to reduce the possibility of fraudulent phantom vehicle claims.  Id.

In Berry v. State Farm Mut. Auto. Ins. Co., 219 Mich. App. 340 (1996), the plaintiff drove over an object in the roadway causing her to lose control of her car. Shortly before the collision, a witness reported seeing a vehicle hauling metal pulled over on the shoulder of the road about a half mile away.  The witness also stated he saw a piece of metal in the road at the collision site which had not been there when he passed by ten or fifteen minutes earlier.  Id. at 343-44.  The court held that the trailer with the scrap metal was "at a time and location that was temporally and spatially

proximate to plaintiff's striking a piece of metal in the road," sufficient to establish "a substantial physical nexus between the hit-and-run vehicle and the object struck by plaintiff . . . ." Id. at 350.

Each of the preceding cases pre-date the Michigan Supreme Court's emphasis on enforcing an unambiguous UM policy as written. There is one case from the Michigan Court of Appeals which was decided after the Rory decision. In Dancey v. Travelers Prop. Cas. Co., 288 Mich. App. 1 (2010), an insured motorist hit a ladder that was in the middle of the road. There were no witnesses to testify where the ladder came from, but plaintiff presented evidence about the location of the collision which caused the court to observe: "[the] accident site is inaccessible to pedestrians and nonvehicular traffic" and "someone just didn't walk down the expressway . . . carrying a ladder and drop it off," and "I don't think it dropped from an airplane." Id. at 20-21. On appeal, the Michigan Court of Appeals held:

> [A] reasonable juror could conclude that there is no reasonable explanation for the presence of a ladder in the middle of an overpass soaring high above Royal Oak and inaccessible to nonvehicular traffic except that the ladder must have fallen off a vehicle. Accordingly, a reasonable juror could conclude that the presence of a ladder in the roadway, under these circumstances and in the absence of any other reasonable explanation for the ladder's presence, establish a "substantial physical nexus" between a hit-and-run vehicle and the ladder struck by plaintiff.

Id.

The UM policy language in Dancey was broader than the language at issue here. The policy provided that the "hit-and-run vehicle . . . must hit, *or cause an object to hit*, an 'insured', a covered 'auto' or a vehicle an 'insured' is 'occupying.'" Id. at 11-12. Applying a "substantial physical nexus" analysis therefore makes sense in the context of

8

interpreting the policy language in Dancey. The language "or cause an object to hit" does not appear in the UM policy before this court, however, and that is sufficient to distinguish Dancey from the present case.

Even if Dancey applies, a reasonable jury could not conclude that the wood struck by plaintiff in this case came from another automobile, without undue speculation and conjecture. This is especially true given plaintiff's own testimony that a construction project was nearby.

The court is required to interpret the unambiguous language of the UM policy in this case, which requires actual physical contact between a hit-and-run vehicle and the insured or the insured's vehicle. None of plaintiff's arguments why a reasonable jury could conclude that the 4x4 piece of wood fell off an unidentified vehicle are relevant where the policy requires that the hit and run motor vehicle *strike* the insured's vehicle. Plaintiff does not argue, nor is there any evidence, that plaintiff's vehicle was struck by another vehicle. Therefore, plaintiff's injury is not covered under the UM provision of his policy.

## CONCLUSION

Plaintiff's PIP claim is dismissed without prejudice at plaintiff's request. Defendant's motion for summary judgment on plaintiff's UM claim is GRANTED for the reasons stated in this opinion and order.

Dated: June 12, 2012

                                              s/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 12, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk