UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND POWELL,

        Plaintiff,

                                  Case No.  11-11280

vs.

                                  HON.  GEORGE CARAM STEEH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION [DOC. 45]

        This matter has come before the court on plaintiff Cleveland Powell's motion for reconsideration of this court's June 12, 2012 opinion and order granting defendant's motion for partial summary judgment.  For the reasons stated below, plaintiff's motion for reconsideration is DENIED.

        Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

        The palpable error identified by plaintiff is that his "injuries were not caused when he was struck by a piece of wood falling off of an unidentified vehicle, but when in fact his vehicle was struck by a bumper from an unidentified vehicle as alluded to in both his complaint . . . and also his deposition testimony . . . ." (Plaintiff's Motion for

Reconsideration, ¶ 2).

Plaintiff's complaint does identify the object causing his injuries as a bumper, but his deposition testimony is equivocal.  Mr. Powell testified that when the police officer investigating the accident asked him what he ran over, "I told him I didn't know exactly what it was."  Powell told the officer he thought it was a bumper, but he acknowledges that the police report states the object was a four-by-four, which Powell understands to be a piece of wood.  (Powell dep., pp. 56-57).  Furthermore, in plaintiff's response brief to defendant's motion for partial summary judgment, plaintiff characterizes the object at issue as a four-by-four piece of wood.  In the fact section of his brief plaintiff describes the object in the road as a four-by-four, referring to the police report and the report of the 911 operator.  In the analysis section, plaintiff states that he was one of five drivers who hit the piece of wood in the roadway, and that his efforts to find the vehicle that lost the four-by-four were unsuccessful.

Finally, nowhere in his brief or during oral argument did plaintiff's counsel refer to a bumper.  Both parties accepted that plaintiff's car hit a four-by-four in the road.  The disputed issue was how the four-by-four came to be in the road.

It was reasonable for the court to conclude, given the evidence in this case, that plaintiff abandoned his argument that the object he hit in the road was a bumper. Therefore, this is not a palpable defect by which court or the parties were misled.  Now, therefore,

IT IS HEREBY ORDERED that plaintiff's motion for reconsideration is DENIED.

It is so ordered.

Dated: June 28, 2012

                                       s/George Caram Steeh
                                       GEORGE CARAM STEEH
                                       UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 28, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk