UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND POWELL,

        Plaintiff,

vs.

        Case No. 11-CV-11280

        HON. GEORGE CARAM STEEH

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RULE 54(b)
CERTIFICATION [DOC. 48] AND DENYING PLAINTIFF'S
MOTION TO REINSTATE ATTENDANT CARE CLAIM [DOC. 50]

On June 12, 2012, this court entered an order granting defendant State Farm's motion for partial summary judgment, dismissing plaintiff Cleveland Powell's uninsured motorist claim, but retaining his PIP claim.[1] In response to State Farm's motion for partial summary judgment, Powell withdrew his claim for attendant care benefits because he could not support such claim at that time. This matter is presently before the court on plaintiff's motion to certify the dismissal of his uninsured motorist claim for appeal, and his motion to reinstate his attendant care claim following his shoulder surgery last month. For the reasons that follow, both of plaintiff's motions are denied.

I. Rule 54(b) Certification

Federal Rule of Civil Procedure 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court

---

[1] The court issued a judgment dismissing plaintiff's entire case, but reinstated the PIP claim on June 14, 2012.

expressly determines that there is no just reason for delay." The Sixth Circuit has opined that Rule 54(b) certification should be granted judiciously. Lowery v. Federal Express Corp., 426 F.3d 817, 820 (6th Cir. 2005). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). The court recognized that Rule 54(b) "relaxes the traditional finality requirement for appellate review" in order to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Lowery, 426 F.3d at 820 (citing Gen. Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994) and Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60 (6th Cir. 1986)).

In determining whether there is no just reason for delay, the district court must consider "judicial administrative interests as well as the equities involved." Curtiss-Wright, 446 U.S. at 8. The court must "determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety". GenCorp, 390 F.3d at 442.

In this case, plaintiff's uninsured motorist and PIP claims both seek to recover benefits from defendant under the same insurance contract for injuries suffered in the same motor vehicle accident. While the adjudicated uninsured motorist claim is in some sense separable from the unresolved PIP claim, plaintiff has not shown that the judicial administrative interests or the equities in this case support a finding that there is "no just reason for delay." The court finds that its dismissal of plaintiff's uninsured motorist claim

does not meet the requirements for certification of immediate appeal pursuant to Rule 54(b).

    II. <u>Reinstatement of Attendant Care Claim</u>

On June 4, 2012, plaintiff underwent shoulder surgery for injuries allegedly arising out of his December 29, 2009 motor vehicle accident.  Plaintiff seeks to reinstate his claim for attendant care benefits based on his anticipated need for attendant care following his surgery.  Plaintiff has not submitted any documentation supporting his counsel's assertion that he underwent surgery, or that attendant care will in fact be required.  Nor has he submitted a claim for such benefits to defendant that has been denied.  Plaintiff's motion is premature at this point in time and is therefore denied.

    III. <u>Conclusion</u>

For the reasons stated above, plaintiff's motions for certification and reinstatement are DENIED.

Dated:  July 31, 2012

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 31, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk