UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEVELAND POWELL,

        Plaintiff,

vs.

        Case No. 11-CV-11280

        HON. GEORGE CARAM STEEH

STATE FARM MUTUAL
AUTOMOBILE INSURANCE CO.,

        Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DOC. 72]

Plaintiff Cleveland Powell filed this action seeking to recover benefits under his automobile insurance policy with defendant State Farm Mutual Automobile Insurance Company. Plaintiff's claims for benefits arise from an incident in which he drove over a 4x4 piece of wood in the roadway on December 29, 2009. The matter is presently before the court on defendant's motion for summary judgment. The court heard oral argument on defendant's motion on January 14, 2013, and requested supplemental briefs, which have been filed by both parties.

Following an amendment of the complaint and an order granting partial dismissal, there is one count remaining of plaintiff's original six count complaint, that being for personal injury protection ("PIP") benefits under the policy's no-fault coverage. Plaintiff seeks to recover both wage loss /work loss benefits and replacement /household services due to the injuries suffered in his automobile accident.

The No-Fault Act provides that benefits are not compensable unless and until the insurer is provided with "reasonable proof of the fact and the amount of loss sustained." M.C.L. 500.3142(2); *University of Michigan Regents v. State Farm*, 250 Mich. App. 719, 736 (2002) (no-fault carrier's duty under the No-Fault Act is not triggered until it has received both "reasonable proof of the fact that a loss was sustained" and "the amount of the loss sustained.").

Work-loss under the No-Fault Act is restricted to actual loss of earnings, as opposed to loss of earning capacity. *Ouellette v. Kenealy*, 424 Mich. 83, 85 (1985). "Work-loss benefits are available to compensate only for that amount that the injured person would have received had his automobile accident not occurred." *MacDonald v. State Farm Mut. Ins. Co.*, 419 Mich. 146, 152 (1984).

In this case, Mr. Powell's testimony indicates that he was employed sporadically as a construction contractor prior to the accident. According to Mr. Powell, the last job he worked on prior to his accident was for his brother, McKinley Powell. Mr. Powell testified at his discovery deposition that he had been working for his brother for five months prior to his accident, but he could not recall any of the people he had been working with. (Powell dep. 22, 93). McKinley Powell cannot corroborate Mr. Powell's claimed work on his apartment building prior to Mr. Powell's accident because he has been barred from testifying at trial due to his failure to appear for his deposition.

The court instructed Mr. Powell to submit all evidence he has of his earnings from 2009, prior to the accident, in order to establish an earnings record for his claimed lost wages following the accident. As evidence of his earnings in 2009, Mr. Powell submitted the checking account history for Powell Construction for the two months from September

14, 2009 until November 13, 2009.  This history shows deposits totaling a mere $513.00. Mr. Powell also submits a ledger page from the fourth quarter of 2009 for Powell Construction which shows weekly draws of $1,500.00 for the months October, November and December.  The ledger does not show company income, just payments presumably made to Mr. Powell.

Mr. Powell admitted on the record that he did not file a tax return for 2009, and he has not submitted any 1099s from that tax year.  The 1099 from tax year 2005 is not relevant to establish Mr. Powell's work loss or lost wages following the accident. Mr. Powell has failed to submit any evidence to support his claim that he earned $1,500.00 per week as a construction contractor during the time immediately prior to his accident.

MCL 500.3107(1)(c) entitles an injured claimant to recover up to $20 per day in benefits during the first three years after the date of the accident for what are known as replacement services.  Such services generally include common household tasks such as cleaning, laundering, babysitting, caring for the lawn, snow shoveling, making household and vehicle repairs, taking out the garbage and grocery shopping.  To be compensable, a replacement service expense must be reasonably incurred, as determined under an objective standard.  *Krohn v. Home-Owners Ins. Co.*, 490 Mich. 145, 159-60 (2011).

Mr. Powell has not produced any evidence of replacement service expenses being incurred, reasonably or otherwise.  By order dated September 28, 2012, the court barred three of Mr. Powell's witnesses from testifying due to the fact that they evaded multiple attempts to schedule and take their depositions.  It is the court's understanding that two of the barred witnesses, Letha Hopkins and Joyce Washington, would have testified to replacement services they provided to Mr. Powell.  Plaintiff has no other evidence to

-3-

demonstrate that either of these individuals, or anyone else for that matter, provided replacement services.

In addition, plaintiff's claim for replacement services is undermined by the testimony of his mother, Goldie Powell. Goldie Powell was deposed in McKinley Powell's own no-fault suit, wherein she testified that Cleveland Powell had been providing household assistance to her since McKinley Powell's December 2010 accident. She further testified that Cleveland Powell had been helping her around the house even before McKinley's December 2010 accident. (Goldie Powell dep., 11-13). Mr. Powell could not have reasonably incurred replacement services for himself while at the same time providing such services to his mother.

While Mr. Powell might have a viable injury as a result of running over the piece of wood in the roadway on December 29, 2009, there is simply no evidence to support his requested damages. Mr. Powell is presently proceeding with his claim without counsel, but he has had two different attorneys representing him during the pendency of this case. The court has given Mr. Powell ample opportunity to provide the discovery requested by defendant, and has gone to great lengths to explain the importance of providing such discovery to support his damage claims now at this late stage of the litigation. Mr. Powell has failed to come forth with sufficient evidence to support his work loss/lost wages and replacement services claims for damages. Now, therefore,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is GRANTED.

IT IS HEREBY FURTHER ORDERED that plaintiff's complaint is DISMISSED in its entirety.

So ordered.

Dated: February 12, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 12, 2013, by electronic and/or ordinary mail and also on Cleveland Powell, at 18 Gillespie Street, Pontiac, MI 48341.

s/Barbara Radke
Deputy Clerk